# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30743
Summary Calendar

ALISHA SMITH, ET AL.,

Plaintiffs,

ALISHA SMITH,

Plaintiff-Appellant,

versus

SEARS ROEBUCK & CO., ET AL,

Defendants,

AMERICAN & FOREIGN INSURANCE
COMPANY; R A S BUILDERS, INC.; ROYAL
INSURANCE COMPANY OF AMERICA,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
96-CV-2815

July 28, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alisha Smith appeals an adverse judgment as a matter of law rendered at the conclusion of her case in chief during trial. For the reasons assigned, we affirm.

## BACKGROUND

Smith was employed as an auditor with R.G.I.S., an inventory company hired by Sears Roebuck & Co. On February 24, 1996, Smith reported to work at the Sears store in Acadiana Mall in Lafayette, Louisiana. Upon her arrival, she was assigned first to the clothing department and then to the hardware stock room. While working in the hardware stock room she was struck in the head by a board.

Smith instituted a state court action against Sears and RAS Builders, Inc., a contractor remodeling certain areas of the Sears store during the time period in question. Smith alleged that both Sears and RAS were negligent in placement of the board and in causing it to fall. Sears removed the action to federal court based on diversity jurisdiction.

At the conclusion of Smith's case in chief during the course of a jury trial, RAS and American Foreign Insurance Company moved for judgment as a matter of law. The trial court granted that motion, concluding that Smith failed to offer

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any evidence that RAS was legally liable for her injuries.

## ANALYSIS

We review the challenged decision *de novo*, applying the same legal standard as the district court.[2] All evidence is considered in the light most favorable to the nonmovant, and all inferences are drawn in the nonmovant's favor.[3] If "there is no legally sufficient evidentiary basis for a reasonable jury" to find for the nonmovant, judgment as a matter of law is appropriate.[4]

A close review of the record on appeal and briefs persuades that the district court did not err in its conclusion that Smith failed to submit any evidence in support of her claim that RAS is liable for her injuries. Accordingly, there being no legally sufficient evidentiary basis upon which a reasonable jury could find for Smith, judgment as a matter of law herein was appropriate.

The judgment appealed is AFFIRMED.

---

[2]**Texas Beef Group v. Winfrey**, 201 F.3d 680, 687 (5th Cir. 2000).

[3]**Id.**

[4]**Id.** at 687-88; Fed. R. Civ. P. 50(a).